**TAVAI MOLELI, SINA TAUTU, MOLIVAA EPA POYER, and the Undersigned Members of the PELEAFEI FAMILY of Laulii Village, Plaintiffs,**

**v.**

**PELEAFEI TAVESI LAUVI, Defendant.**

High Court of American Samoa
Land and Titles Division

MT No. 05-02

August 2, 2004

Before RICHMOND, Associate Justice, LOGOAI, Chief Associate Judge, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiffs, Tauivi Tuinei
        For Defendant, S. Salanoa Aumoeualogo

### OPINION AND ORDER

On May 20, 2002, Plaintiffs petitioned to remove the Peleafei family's *sa`o* title of the village of Lauli`i from Defendant Peleafei Tavesi Lauvi ("Peleafei"). The case came to trial on April 1, 2004. Both counsel and Defendant were present.

Plaintiffs contend that the removal is required on two fronts: (1) Peleafei's absence from American Samoa for more than one year, pursuant to A.S.C.A. § 1.0412(a), and (2) for cause, when petitioned by at least 25 adult blood family members providing *tautua* ("Samoan customary service") to the *matai* and the family, pursuant to A.S.C.A. § 1.0411(a). The petitioners' number and status in the family are not questioned in this case.

■ The two grounds are really intertwined, as the Court has discretion to permit an absent *matai* to retain his title after considering the reasons for the absence and the family's wishes. A.S.C.A. § 1.0412(a). Actual situations, including this one, usually require inquiries into good cause for removal versus retention.

The thrust of the removal justification in this case truly begins and ends with the one-year absence factor. Unquestionably, Peleafei has physically been in Hawaii most of the time since 1992. He went there and has remained there for legitimate health reasons. His need to be there for health care has not changed. However, he does not own a dwelling place there but rather has lived, and still lives, with family members. He has participated, as a lay preacher for example, in church activities there. However, religious participation does not of itself indicate more than continuing to exercise religious faith. He has not maintained his voter registration here and thus has been unable to vote in local elections for a considerable time, but he also has not voted in Hawaii.

■ Though likely, it is not certain that Peleafei's absence from American Samoa, beginning in 1992, has actually extended for more than one year at any one time. He does return here, usually several times each year, to participate in Peleafei family *faalavelave* ("affairs") and other purposes. He also travels to the U.S. mainland on occasion, particularly for family *faalavelave* there. He maintains that he would stay in American Samoa when and if his health situation permits. All things considered, we are satisfied and find that Peleafei remains a bona fide resident or domiciliary of American Samoa, who stays abroad only to meet justifiable health care needs.

■ Plaintiffs complain, nonetheless, that Peleafei's performance as the Peleafei family's *sa`o* is not up to the essential standards of the position. They claim that Peleafei has failed to take care of his responsibilities as the head of the family providing expected and necessary hands-on leadership for the protection of family lands and effective resolution of other family matters. Such criticism almost invariably coincides with a *sa`o's* off-island leadership. However, in addition to his occasional return visits, Peleafei has delegated authority to on-island family members to look after routine day-to-day family concerns with land, immigration sponsorship, and other family matters.

Still Plaintiffs claim that Peleafei misused his *sa`o* authority. They point out that he collected rents from numerous leases of the family's communal land and used the funds for his personal use. Although there is some basis for this allegation, the expenditures shown involved improvements of Peleafei's residence in American Samoa and other purposes consonant with his *sa`o* status. Plaintiffs also claim that by his

leasing the family's communal land, Peleafei has prevented family members from beneficial use of scarce family land. However, Peleafei identified other available family lands of substantial size for family members' use.

The event finally motivating Plaintiffs to bring this *matai* removal action was the lease of family communal land Peleafei entered into with the Congregational Christian Church of American Samoa ("CCCAS") in Lauli`i village. This lease is the subject of *Poyer v. Congregational Christian Church*, LT No. 04-03, an action brought by Peleafei family members, including two of the Plaintiffs in this removal action, to cancel the lease and permanently enjoin the CCCAS from constructing any new building on the leased land. *Poyer* was separately tried on April 27, 2004, and the Court's decision in that action will address the validity of the lease in detail.

For purposes of this action, Plaintiffs state that Peleafei did not bring his intentions to enter into the lease to the family for discussion and signed the lease without reading it. We find, however, that Peleafei did advise the family of his intentions to enter into this lease and reached agreement with the CCCAS on its terms which he understood before he signed the lease.

Later, Peleafei did for a while accede to the wishes of the family members opposed to the lease. The objection was not to continuing occupancy and use by the CCCAS, but only to any written lease even though it would not divest the family of title to the land. He notified the Land Commission considering whether to recommend the Governor's approval, required under A.S.C.A. § 37.0221(a) to validate the lease, of his change of mind. However, Peleafei eventually honored his written commitment to the CCCAS by advising the Land Commission to proceed with the lease approval process.

He did not inform the family members, particularly those opposing the lease, before making his final decision on the lease. However, Peleafei was not required as the *sa`o* to consult further with the family, but only to refrain from action that is arbitrary, capricious, illegal, or otherwise abuses the *sa`o's* discretion. *Gi v. Temu*, 11 A.S.R.2d 137, 141-42 (Land & Titles Div. 1989); *Fairholt v. Aulava*, 1 A.S.R.2d 73, 79 (Land & Titles Div. 1983). Given the existing commitment to the CCCAS, Peleafei then supported implementation of the lease without abusing his discretion. We will not substitute our opinion or judgment for a *sa`o's* reasonable decision. *Id.*

In sum, we find that despite his off-island location for legitimate health care concerns, Peleafei has satisfactorily performed his duties as the *sa`o* of the Peleafei family. Plaintiffs have not met their burden showing by a

preponderance of the evidence that Peleafei should be removed from his *matai* title either because of absence from the Territory for more than

one year or for cause. Peleafei is not removed from the Peleafei title, and this action is dismissed.

It is so ordered.